Case MDL No. 2181   Document 25   Filed 08/06/10   Page

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 06, 2010

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: METHOD OF PROCESSING ETHANOL
BYPRODUCTS AND RELATED SUBSYSTEMS
('858) PATENT LITIGATION                                    MDL No. 2181

**TRANSFER ORDER**

    **Before the entire Panel**: GreenShift Corp. and its subsidiary, patent holder GS CleanTech Corp. (CleanTech), have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of Illinois, the Southern District of Indiana or the District of Minnesota.

    This litigation currently consists of eleven actions listed on Schedule A and pending as follows: two actions each in the Northern District of Illinois and the Southern District of New York, and an action each in the Northern District of Iowa, the Northern and Southern Districts of Indiana, the District of Kansas, the District of Minnesota, the District of North Dakota, and the Western District of Wisconsin.[1]

    Plaintiff/defendant ICM, Inc., and its customers (who are defendants in the Southern District of Indiana action and both Northern District of Illinois actions) (collectively ICM parties) oppose centralization of their actions and, alternatively, support selection of the Southern District of Indiana as the transferee forum. Defendant in the North Dakota action, Blue Flint Ethanol, LLC, supports centralization in the District of Minnesota. Certain plaintiffs/defendants in the New York actions and defendants in the Northern District of Indiana, the Northern District of Iowa, the District of Minnesota, and the Western District of Wisconsin actions support centralization in the Southern District of Indiana.

    The actions involve common factual allegations regarding CleanTech's United States Patent No. 7,601,858 (the '858 patent), which is entitled "Method of Processing Ethanol Byproducts and Related Subsystems" and relates to novel methods to extract corn oil from the byproducts formed during ethanol production. The validity and enforceability of the patent will likely be at issue in all eleven actions. On the basis of the papers filed and hearing session held, we find that these eleven actions involve common questions of fact, and that centralization under Section 1407 in the Southern

---

[1] The parties have notified the Panel of a related action pending in the Northern District of Illinois. This action and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

District of Indiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (including on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

The ICM parties argue against centralization that, *inter alia*, centralization of their actions with other actions involving different alleged infringing devices will needlessly delay resolution of the litigation. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. Centralization will place all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions. *See In re Department of Veterans Affairs (VA) Data Theft Litigation*, 461 F.Supp.2d 1367, 1368-69 (J.P.M.L. 2006). Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *See id*.

We are persuaded that the Southern District of Indiana is an appropriate transferee district for pretrial proceedings in this litigation. This district is a primary or alternative choice for transferee forum for all but one responding party. Moreover, this readily accessible district is near many of the alleged direct infringers – ethanol manufacturers that allegedly employ the patented process – which are scattered throughout the Midwest.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Indiana are transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable Larry J. McKinney, for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.       Kathryn H. Vratil
David R. Hansen             W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.       Barbara S. Jones

IN RE: METHOD OF PROCESSING ETHANOL
BYPRODUCTS AND RELATED SUBSYSTEMS
('858) PATENT LITIGATION                                         MDL No. 2181

## SCHEDULE A

<u>Northern District of Illinois</u>

GS CleanTech Corp. v. Big River Resources Galva, LLC, et al., C.A. No. 1:10-990
GS CleanTech Corp. v. Center Ethanol, LLC, et al., C.A. No. 1:10-2727

<u>Northern District of Indiana</u>

GS CleanTech Corp. v. Iroquois Bio-Energy Co. LLC, C.A. No. 4:10-38

<u>Southern District of Indiana</u>

GS CleanTech Corp. v. Cardinal Ethanol, LLC, C.A. No. 1:10-180

<u>Northern District of Iowa</u>

GS CleanTech Corp. v. Amaizing Energy Atlantic, LLC, et al., C.A. No. 5:10-4036

<u>District of Kansas</u>

ICM, Inc. v. GS CleanTech Corp., et al., C.A. No. 6:09-1315

<u>District of Minnesota</u>

GS CleanTech Corp. v. Bushmills Ethanol, Inc., et al., C.A. No. 0:10-1944

<u>Southern District of New York</u>

GEA Westfalia Separator, Inc., et al. v. GreenShift Corp., C.A. No. 1:09-7686
GS CleanTech Corp. v. GEA Westfalia Separator, Inc., et al., C.A. No. 1:09-8642

<u>District of North Dakota</u>

GS CleanTech Corp. v. Blue Flint Ethanol LLC, C.A. No. 1:10-37

<u>Western District of Wisconsin</u>

GS CleanTech Corp. v. United Wisconsin Grain Producers, LLC, C.A. No. 3:10-236